UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SHAYNE L. DEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 4:10-cv-43 |
| | ) |
| ALLIED WASTE SERVICES, agent of | ) |
| Allied Waste Services of | ) |
| Northwest Indiana, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b) [DE 53] filed by the defendant, Allied Waste Services, on June 7, 2013. For the following reasons, the motion is **DENIED.**

Background

The plaintiff, Shayne Dean, filed his complaint on May 13, 2010, alleging that he sustained injuries from slipping and falling on diesel fuel on a walking surface while a business invitee on the defendant's property. The defendant served discovery requests on Dean on December 20, 2010. At a subsequent deposition, the defendant learned that Dean had failed to disclose several instances of past medical treatment as required under Federal Rule of Procedure 26(e). Because of Dean's omissions, the defendant had to conduct a second deposition and sought to recover the fees and costs associated with the second deposition as a discovery sanction. The court granted the defendant's motion and ordered Dean to pay the costs and fees associated with the second deposition on May 16, 2012. Dean has yet to comply and pay the

1

defendant.

Following this ruling, Dean's counsel was disbarred from practicing before this court and defense counsel was unable to reach Dean.  On May 21, 2012, the defendant filed a motion to dismiss for failure to prosecute, arguing that Dean failed to investigate his claim adequately and did not supplement his discovery responses.  On June 1, 2012, Dean retained new counsel.  The court held a status conference on June 15, 2012, and set new deadlines.  Because Dean retained new counsel, the case could progress, and the court found that dismissal was unwarranted.

Since this time, the defendant represents that Dean has not provided the supplemental discovery responses related to his omissions about his medical care and has done nothing to prosecute his case despite having his current counsel for eleven months.  The defendant again moves for dismissal for failure to prosecute.

Discussion

Federal Rule of Civil Procedure 41(b) provides that "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Dismissal is the most severe sanction and generally is applied only when a party has displayed exceptional misconduct or when less drastic sanctions have proven unavailing.  **Sun v. Board of Trustees**, 473 F.3d 799, 811 (7th Cir. 2007) (explaining that the Seventh Circuit has a well established policy of favoring trial on the merits over default judgments); **Maynard v. Nygren**, 332 F.3d 462, 467-468 (7th Cir. 2003); **Danis v. USN Communications, Inc**., 2000 WL 1694325, *33-34 (N.D. Ill. Oct. 23, 2000) ("Because a default judgment deprives a party of a hearing on the merits, the harsh nature of this sanction should usually be employed only in extreme situations where there is evidence of willfulness, bad faith

or fault by the noncomplying party") (citing *Societe Internationale v. Rogers*, 357 U.S. 197, 209, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (explaining that a party should be sanctioned with dismissal only in extreme situations where there is evidence of willfulness, bad faith or fault by the noncomplying party)).

At this point, it is not obvious that Dean's counsel is failing to prosecute the case. Discovery remains ongoing, he has been present for all status conferences, he has communicated with defense counsel, and he has complied with all court orders since he entered his appearance. Dean's counsel filed a response brief, explaining that he was unable to get Dean's entire file from Dean's former counsel and still is in the process of obtaining Dean's current medical records. Although it is not entirely clear why he has been unable to procure the records in eleven months time, the defendant has not filed a motion to compel, it is not clear what actions, if any, were taken to resolve this dispute amicably, and the court has not imposed less severe sanctions.

For all of these reasons, the court finds that dismissal is unwarranted at this time and the defendant's motion is **DENIED**. Dean is **ORDERED** to produce the supplemental records related to his medical care within fourteen days of this Order.

ENTERED this 12th day of September, 2013

/s/ Andrew P. Rodovich
United States Magistrate Judge